## OSBORNE v. REARDON.

**Execution: SUPPLEMENTARY PROCEEDINGS: PARTIES.** Sections 3135 to 3149 of the Code, providing for an examination of a judgment debtor for the discovery of his property, do not contemplate or authorize the examination of third parties ; and where the wife of the judgment debtor was in such proceedings cited to appear and was examined, and the debtor was, as a result of the examination, adjudged to be the owner of certain property which was in the possession of the wife, and which she claimed to be her own, such judgment, and an order that the debtor turn it over to satisfy the judgment, were of no effect upon the wife, as she was not a party to the proceeding, and could not be bound thereby.

*Appeal from Decatur District Court.*—HON. R. C. HENRY, Judge.

FILED, JANUARY 30, 1890.

THIS is an appeal by the defendant from certain orders made by the court below in proceedings auxiliary to execution. The facts appear in the opinion.

*Parrish & Hoffman*, for appellant.

*Marion F. Stookey* and *John W. Smith*, for appellee.

ROTHROCK, C. J.—It appears from the record before us that the plaintiff is the owner of a judgment against the defendant ; that execution issued upon said judgment, and was returned unsatisfied. Thereupon the plaintiff presented to the district court a sworn petition, in which it was alleged that the defendant had property in Decatur county which he unjustly refused to apply to the satisfaction of the judgment, and that Jane Reardon, the wife of the defendant, held a large amount of personal property belonging to said Thomas Reardon, which was transferred to her for the purpose of delaying and, if possible, preventing the plaintiff, by the usual process of execution, from making his claim out of said property of defendant, Thomas Reardon. The petition asked that both the defendant, Thomas Reardon, and Jane Reardon, be required to appear and answer, as required by law, before a referee to be appointed by the court. An order was made appointing a referee, and the defendant, Thomas Reardon, and Jane Reardon, his wife, were asked to appear before the referee for examination touching the averments of the petition. A hearing was had before the referee, in which a large number of witnesses were examined ; and a report was made that Thomas Reardon was the owner of about seventy-five cattle and ten horses which were not exempt from execution. Exceptions were filed to the report, which were overruled, and a receiver of the property was appointed, and Thomas Reardon was ordered to turn over the property to the receiver, to be sold in satisfaction of the plaintiff's judgment.

It will be observed that the proceedings were founded on section 3135 to section 3149 of the Code, by which a judgment debtor may be examined before the court or a referee touching any property which it is alleged he unjustly refuses to apply towards the satisfaction of a judgment. Although the defendant's wife was ordered to appear and answer, it is not claimed that she was a party to the proceeding. It appears from the evidence in the case that the wife is the owner

of a farm, and that the cattle and horses in question were kept upon the farm. The husband and wife both claimed that the property in controversy belonged to her. The referee reported that the property belonged to the husband. The sections of the statute above referred to make no provision for making third persons parties to the proceedings. Ample provision is made for such a proceeding in the equitable action provided for by sections 3150–3153 of the Code. The evidence tends to support the finding of the referee; and, so far as the rights of the defendant are involved, we discover no error in the rulings of the court, nor of the referee.

It is claimed that the referee was disqualified to act, on account of having been an attorney against the defendant, and prejudiced against him. This claim does not seem to us to be well founded.

It is urged that the statute under which the proceeding was had is unconstitutional; but the contrary was held in *Eikenberry v. Edwards*, 67 Iowa, 619.

We do not discover any ground upon which this cause can be reversed; and, at the same time, we must say that the whole proceeding appears to us to be of very little consequence as an aid to plaintiff in the collection of his judgment. It is true he has an adjudication against the defendant which estops him from claiming that the property ought not to be applied to the payment of the judgment. But he has no adjudication against the wife as a claimant of the property. He could just as well have ordered the sheriff to levy upon the property before this order as afterwards. He could have indemnified the officer, if necessary, and compelled the wife to assert her rights by replevin or otherwise. She has had no day in court, and her rights are in no manner affected by the order. We have thought it our duty to say this much, because counsel for appellee appear to be of opinion that the order appropriates the property. The order of the district court will be                    AFFIRMED.