ESTEY & CAMP, Appellees, v. FULLER IMPLEMENT
COMPANY *et al.*, Appellants.

1. **Execution:** SUPPLEMENTARY PROCEEDINGS: SECURITY FOR COSTS.
Upon the return of an execution against the defendant corpora-
tion unsatisfied, the plaintiff filed an affidavit with the court alleg-
ing that the codefendants had in their possession property
belonging to the corporation, which had been taken by them with-
out consideration, and in fraud of the creditors of the corporation,
and that said corporation was left without means to pay the debt
due the plaintiff. Upon this affidavit the court ordered the defend-
ants to appear and submit to an examination pertaining to the
matters therein alleged. After their appearance, answers to the
charges made in the affidavit were filed by each of the defendants,
and upon the hearing other witnesses than the defendants were sub-
pœnaed and examined in open court, and the court made a finding
of facts, and ordered that one of the defendants pay to the clerk a
sum named to be applied in satisfaction of the plaintiff's judg-
ment. *Held*, that the proceeding was not to be regarded as an
equitable action, but simply as a proceeding auxiliary to execu-
tion for the discovery of property, and that the defendants were
not entitled, therefore, to demand of the plaintiffs as non-residents
security for costs.

2. **Witnesses:** HUSBAND AND WIFE: TESTIMONY AGAINST EACH
OTHER. The defendants, who it was alleged held property
belonging to the corporation, were husband and wife. Upon the
husband being called for examination no objection was made to
his testifying as against his wife, until after he had stated at
length the facts concerning the incorporation and business of the
defendant corporation, and of the transfer of its business to a part-
nership, and subsequently from the partnership to a new corpora-
tion. Being then asked as to the time and manner of delivery
the property in question to the new corporation, the wife object
to her husband giving testimony against her. The objection bei
overruled the witness gave the details of the transactions betwe
the several companies, and stated that he acted as agent for 1
wife; that the latter held some of the notes of the several co
panies, which had been sold to her for money loaned to 1
company and to the partnership. In the course of the furtl
examination of the husband these notes and the books of 1
defendant corporation were introduced in evidence. Upon 1
examination of the wife, she disclaimed any knowledge
the transactions of her husband with the companies in questi
and referred counsel to her husband for answers to all such qu
tions. *Held*, that the testimony of the husband could not be c
sidered as having been given against the wife over her objecti

3. **Fraud:** TRANSACTIONS BETWEEN HUSBAND AND WIFE: EVIDENCE. The testimony of the wife showed that she was possessed of no means at the time of her marriage, and that she had had no source of income or accumulation since then but the wages allowed her by her husband for attending to the ordinary household duties of a wife, and the increase that arose from the investment thereof by the husband, according to his own judgment, and without any direction from her. It further appeared that, while the husband was thus accumulating money for his wife, the defendant company and its successors, whose business was transacted by the husband, were without means to pay their debts. *Held*, that the evidence warranted the finding, that certain notes of the defendant corporation, amounting to over six thousand dollars, which were held by the wife, were without consideration.

4. **Practice:** SUPPLEMENTARY PROCEEDINGS: ACTION IN EQUITY: ABATEMENT. Proceedings auxiliary to execution for the discovery of property belonging to a judgment debtor may be maintained contemporaneously with an action in equity to subject such property to the satisfaction of the judgment.

SUPPLEMENTAL OPINION.

5. **Supplementary Proceedings:** ORDERS: EFFECT AS TO THIRD PERSONS. The authority conferred by section 3140 of the Code, in proceedings auxiliary to executions, to order third persons to turn over property in their possession to the judgment creditor, is for the protection of such third persons in turning over such property; and such third persons, not being parties to the proceedings, are not bound by such orders, and will not be in contempt by refusing to comply therewith. If the judgment creditor would subject the property to the payment of his claim in such case he must resort to the remedies provided by law for that purpose, as execution, garnishment or equitable proceedings.

*Appeal from Creston Superior Court.*—HON. GEORGE P. WILSON, Judge.

SATURDAY, OCTOBER 25, 1890.

THIS proceeding was commenced by the plaintiffs filing with the judge of the superior court of Creston an affidavit conforming to the requirements of chapter 3, title 18, of the Code, providing for proceedings auxiliary to execution. The affidavit stated that the Fuller Implement Company had property which it refused to

apply in payment of two judgments against it in favor of the plaintiffs, upon which execution had been returned unsatisfied ; that the said implement company is a corporation, of which A. R. Fuller was the sole incorporator, and is the sole stockholder and manager ; that the property of said corporation, or a large part thereof, is in the possession of A. R. Fuller and M. E. Fuller, his wife ; that they took the same without consideration, and in fraud of the creditors of said corporation, leaving it without means of paying the debts due to the plaintiffs ; and that said A. R. Fuller and M. E. Fuller are concealing the said property from the plaintiffs when demanded on said execution. Upon this affidavit, an order was granted by Judge WILSON requiring A. R. and M. E. Fuller to appear before him for examination concerning the matter and things alleged in said affidavit. The parties appeared, and by consent the case was continued to a day in the term to be heard in open court. At the term the appellant filed a motion to require the plaintiffs to give security for costs, supported by affidavit stating that they had a good defense, and that the plaintiffs were non-residents of the state, which motion was overruled. Thereupon, M. E. Fuller and A. R. Fuller each filed a separate answer, and the court proceeded to take the examination of M. E. Fuller, A. R. Fuller and other witnesses subpœnaed under the order. The court, having heard the testimony, made a finding of facts, and entered an order that M. E. Fuller pay to the clerk four hundred and fifty-nine dollars and forty-three cents, to be applied in satisfaction of the plaintiffs' judgments against the Fuller Implement Company. From this order the defendant, M. E. Fuller, appeals.—*Affirmed.*

*Maxwell & Leonard,* for appellant.

*D. W. Higbee,* for appellees.

GIVEN, J.—I. The appellant maintains that this proceeding was tried and treated by the trial court as

**1. EXECUTION: supplementary proceedings: security for costs.** an equitable action, and should be so considered and treated in this court. We do not think the record sustains this position. The proceeding is not under section 3150, and those following, relating to equitable proceedings, but is unquestionably a proceeding auxiliary to execution, as provided for in preceding sections. That Fuller and wife filed answers not required by law, and that the testimony was taken by consent in term time and in open court before the judge, instead of in vacation, does not change the character of the proceedings; neither does the fact, that the clerk entered and treated the proceedings as a case against Fuller and wife. It appears that at the same time of instituting this proceeding, the appellees, Estey & Camp, instituted their action in equity against Fuller and wife, and others, to subject the property of the implement company in their hands to the payment of the plaintiffs' judgments. This fact and the entire record show that the plaintiffs did not consent that this proceeding should be treated as an equitable action. We are clearly of the opinion that the proceeding is none other than for the discovery of property in aid of execution. The appellant's first contention is that the court erred in overruling the motion for security for costs. This contention is based upon the claim that the proceeding is an equitable action. It not being such, but simply a proceeding in the case of Estey & Camp v. the Fuller Implement Company, section 2927, providing for security for costs, does not apply, and there was no error in overruling the motion.

II. The appellant's next contention is that the court erred in permitting her husband, A. R. Fuller, to testify against her, over her objection. The record shows that Mr. Fuller was called for examination in obedience to an order of the court, and that, without any objection being made, he proceeded to state at length with respect to the incorporation and business of the Fuller Implement Company, and of the transfer of its property to a partnership, and subsequent transfer by the partnership

**2. WITNESSES: husband and wife: testimony against each other.**

to a new corporation, called the "Co-operative Implement & Hardware Company." Following this statement, he was asked: "When was the delivery made of that property to the Co-operative Implement & Hardware Company, and how was the delivery made?" The defendants objected as immaterial and incompetent; and M. E. Fuller objected to the witness giving any testimony against her, for the reason that he is her husband, and not competent to testify against her. The objection being overruled, the witness proceeded to state the details of the transaction between these several companies. The only statement referring to Mrs. Fuller was that he was her agent; that she had some of the notes of the companies which were taken by her in the course of business; that they were sold to her for money which she lent the company on which to do business; that the partnership owed Mrs. Fuller fifty-seven hundred and ninety-seven dollars, and seven cents, for which she held the notes of the partnership. In these statements there was nothing adverse to the claim made in behalf of Mrs. Fuller. Upon the cross-examination, the attorneys for Mrs. Fuller inquired very minutely as to the transactions by Mr. Fuller as agent for his wife with the several companies. and the amounts of money advanced by her through him, and the state of the indebtedness to her. In this connection the books of the Fuller Implement Company and several promissory notes by the company to Mrs. Fuller, amounting to six thousand dollars, were called out and introduced, and it was upon cross-examination to this new matter that the statement was elicited upon which the plaintiff claims that there was no consideration for these notes. After this, Mr. Fuller was recalled, and further examined by the plaintiff as to the transactions had by him as agent for his wife, which was followed by further cross-examination. Upon the examination of Mrs. Fuller, she repeatedly disclaimed any personal knowledge as to the transactions between Mr. Fuller, as her agent, and the companies, her

answer uniformly being: "Ask my agent." Under this state of the record, it cannot be said that Mr. Fuller was permitted to testify against his wife, over her objection.

III. The appellant contends that there is no legal evidence to support the fifth and sixth findings of fact.

3. FRAUD: transactions between husband and wife: evidence.

The findings are as follows: *"Fifth.* That on the seventeenth day of January, 1887, the entire property of said judgment debtor was turned over to a copartnership composed of the judgment debtor and three others, said copartnership being known as the 'Fuller Implement Company,' and that, in consideration of said property so turned over and delivered, said Fuller Implement Company made to M. E. Fuller its three promissory notes,—one for nine hundred and ninety-seven dollars and eighty cents, one for twenty-three hundred and eleven dollars and seventy-seven cents, and one for twenty-seven hundred and twenty-three dollars and sixty-eight cents,—all due on or before one year from date, to-wit, January 17, 1887, and all drawing interest at the rate of eight per cent. per annum. (Exhibits 4, 5 and 6.) That no consideration passed from M. E. Fuller for said notes, but they were made to her for the purpose of keeping the business of the judgment debtor separate from the Fuller Implement Company corporation.

*"Sixth.* That there is due from M. E. Fuller to judgment debtor, by reason of the fifth finding of fact herein, the sum of sixty-two hundred and sixty-five dollars and sixty-nine cents, being the sum of the several payments with six-per-cent. interest per annum from the date thereof."

These findings have other support than the statement of Mr. Fuller that the one object of giving these notes was to keep the accounts separate. The testimony of Mrs. Fuller shows that she was not possessed of any means at the time of her marriage, and that she had no source of income or accumulation since, but the

wages allowed her by her husband for attending to the ordinary household duties of a wife and the increase that arose from the investment of her wages; that her accumulations were managed by her husband, according to his own judgment, and without any direction from her. While she has been thus accumulating money to a considerable extent, he has been prosecuting his business in connection with these corporations and the partnership, the last of which came to insolvency. Without discussing in detail the testimony upon this subject, we may say that it is not such as to inspire the belief that the wife has been in fact as successful in accumulating money as claimed, while the husband, who transacted the business, and the companies he managed are without means to pay their debts. The findings of the court find ample support in the testimony.

IV. The appellant, in her answer, pleaded the existence of the plaintiff's action in equity in abatement of this proceeding, and now complains of the findings of the court against that plea. That plea was interposed upon the theory, before mentioned, that this is an equitable

4. PRACTICE: supplementary proceedings: action in equity: abatement.

action. It being a proceeding auxiliary to execution, it is not abated by the other action, even though it had been first commenced. This proceeding being to discover property may very properly be prosecuted, either before, or contemporaneously with, an equitable action to subject the property to the payment of debts. We find no error in the action and rulings of the court.

Our conclusion is that the order of the superior court should be AFFIRMED.

### SUPPLEMENTAL OPINION.

GIVEN, J.—The appellant, M. E. Fuller, petitions for rehearing, upon the ground that the former opinion is erroneous, in that it affirms the order made upon her to pay over, to be applied upon the plaintiff's judgments, money found to be due from her to the judgment

5. SUPPLEMENTARY proceedings: orders: effect as to third persons.

debtor.   It is contended that this is in conflict with the
ruling of this court in *Eikenberry & Co. v. Edwards,*
67 Iowa, 619, or with *Osborne v. Reardon,* 79 Iowa, 175.

It will be seen by the former opinion that this is a
proceeding auxiliary to execution ; that Mrs. Fuller was
not a party to the judgment; that she was called and
examined as a witness in the proceeding, and that it was
found that she was indebted to the judgment debtor,
and ordered to pay four hundred and fifty-nine dollars
and forty-three cents thereof to the clerk, to be applied
on the plaintiff's judgments.   In the cases cited the
order to turn over property was upon the judgment
debtors, while, in this case, it is upon a third person not
a party to the judgment.   Such orders are expressly
authorized by section 3140 of the Code, whether the
property be found in the hands of the judgment debtor,
or of another person.   The cases cited agree in holding
that such orders may be made.   In *Osborne v. Reardon,*
it is held that the third person, Mrs. Reardon, was not
bound by the order upon the judgment debtor to turn
over property.

It is evident from the discussion that there is a mis-
apprehension as to the purpose of this kind of proceed-
ing, and the effect of such orders, especially as to third
persons.   We think it advisable to make this further
announcement in the case, to prevent such misappre-
hension.   The purpose of such a proceeding is to dis-
cover property of the judgment debtor.   The statute
authorizing it does not provide any means additional to
the usual provisions of the law for applying the prop-
erty when discovered, other than the order to turn it
over.   When it is discovered, the judgment creditor's
remedy is ample by the ordinary processes.   Mrs.
Fuller, not being a party, is not concluded by the order
on her to pay the money.   Such an order is for the pro-
tection of the third person in turning over property or
paying over money, and not to compel such turning
over or payment.   If Mrs. Fuller elected to pay the
money as ordered, she would be fully protected in

doing so by the order, but if she paid it without such an order or at the consent of her creditor, she would not. The provisions of section 3145 of the Code, authorizing the punishment of persons disobeying an order as for contempt, does not apply to the refusal of a third person to deliver property or pay money under such an order. The third person, not being a party to the proceeding, and not bound by the order to deliver or pay, does not disobey it by failing to do so ; but not so in the case of the judgment debtor, who is bound by an order upon him. In *Reardon v. Henry, ante,* p. 134, the point determined is that Reardon's acts were not such as to constitute a disobedience of the order, and, hence, that he was not guilty of contempt. The finding of facts and the law fully authorizes the order that was made upon Mrs. Fuller in this case, and, if she elects to pay the money, the order will be ample protection to her in doing so ; but, if she does not pay it, the plaintiff is left to the remedies provided, such as execution, garnishment or equitable proceedings. The opinion is in harmony with the former rulings of this court, and with the statute upon the subject.

The petition for rehearing is OVERRULED.