THOMAS REARDON, Plaintiff, v. R. C. HENRY, Judge, Defendant.

1. **Supplementary Proceedings**: DECREE: ENFORCEMENT. Section 3140 of the Code of 1873, providing that in proceedings auxiliary to execution courts may order property of the judgment debtor, in the hands of himself or any other person, to be delivered up, or in any other mode applied to the satisfaction of its judgment, does not warrant the exercise of such authority where the ordinary processes of the law are adequate for the subjection of the property to the payment of the debt.

2. ———: ———: CONTEMPT. In proceedings auxiliary to execution the judgment creditor was decreed to be entitled to have his judgment satisfied out of certain described personal property, which the judgment debtor was ordered to deliver up on demand to the sheriff as receiver. Upon being served with said order of court, and the property demanded, the debtor informed the sheriff that he might take the property if he wanted to, but he would not turn it over to him, because it belonged to his wife. *Held*, that the action of the debtor was not such a disobedience of the order of court as to render him liable for contempt of court under section 3145 of the Code.

*Certiorari to Decatur District Court.*—HON. R. C. HENRY, Judge.

WEDNESDAY, FEBRUARY 4, 1891.

CERTIORARI to Decatur district court to review the legality of the action of that court in a proceeding against this petitioner for contempt. Proceedings were had in that court, under sections 3135 to 3149 of the Code, auxiliary to execution, in the case of D. M. Osburn v. Thomas Reardon, wherein it was decreed that Osburn was entitled to have his judgment against Thomas Reardon satisfied out of certain chattel property described, and the sheriff was appointed receiver to take charge of a sufficient amount of the property to satisfy the claim and costs, and ordered "that Thomas Reardon turn over to said sheriff, on demand, the property mentioned in said report not exempt from

execution, or so much thereof as is necessary to satisfy said judgment, interest and costs, and that the property so turned over be subject to levy and sale under execution to satisfy plaintiff's judgment. From this decree Thomas Reardon appealed, and the judgment of the district court was affirmed. 79 Iowa, 175. On November 26, 1889, following the decree, the sheriff made demand on this petitioner for the property, in reply to which Reardon said he could take the property if he wanted to, but that he would not turn it over to him, as it belonged to Mrs. Reardon. Upon application of the attorney for Osburn, this plaintiff was arrested and brought before R. C. HENRY, judge of said court, in vacation, to answer for contempt in refusing to turn over the property, and after full hearing was adjudged to be in contempt, and ordered to be imprisoned.—*Reversed.*

*Parrish & Hoffman,* for plaintiff.

*Marion F. Stoockey,* for defendant.

GIVEN, J.—I. Many of the questions discussed were involved in the former appeal, and will not be again considered. The controlling question now before us is whether the learned judge exceeded his jurisdiction, or otherwise acted illegally, in finding this plaintiff guilty of contempt.

1. SUPPLEMENTARY proceedings: decree: enforcement.

Proceedings auxiliary to execution as provided in the statute are extraordinary, and are only to be resorted to when the ordinary processes of the law are not adequate. The purpose of that proceeding is rather for the discovery of property than for applying that which is already known. When the property is known, or by proceedings auxiliary to execution is discovered, the judgment creditor does not need the further aid of this statute, but may subject the property to the payment of his judgment by the levy of an execution, It does not appear that there was any concealment of this property, nor any question as to its

identity, but only a question of whether it belonged to this plaintiff or to his wife. We see no reason why this judgment creditor might not have levied upon the property as the property of Thomas Reardon, without any order that it be turned over. True, he might thereby have incurred litigation with Mrs. Reardon, but no more so than by this proceeding, as she, not being a party, was not bound by the decree finding that the property belonged to Thomas Reardon. *Smith v. Weeks*, 60 Wis. 94; 18 N. W. Rep. 778. Code, section 3140, provides that, "if any property, rights' or credits, subject to execution, are thus ascertained, an execution may be issued, and they may be levied upon accordingly. The court or judge may order any property of the judgment debtor, not exempt by law, in the hands either of himself or any other person or corporation, or due to the judgment debtor, to be delivered up, or in any other mode applied to the satisfaction of the judgment." In view of the general purpose of the statute, we think that an order that property be delivered up, or in any other mode applied to the satisfaction of the judgment should not be made where the ordinary processes of the law are adequate for the subjection of the property to the payment of the debt. There is no reason why the judgment creditor might not have proceeded by execution under the first paragraph of the section just quoted, and, therefore, no necessity for the order that was made.

II. Section 3145 provides : "And if any person, party or witness disobey an order of the court or judge or referee, duly served, such person, party or witness may be punished as for contempt."

2. ——: —— : con-tempt.

An order was made and served upon Reardon to deliver up the property, and to the demand of the receiver he replied that he could take it if he wanted to, but he would not turn it over, because it belonged to Mrs. Reardon. We do not think this was such a disobedience of the order of the court as is contemplated in the statute. There was no effort to conceal the property, or otherwise prevent the receiver from

taking full possession of it. For Reardon to say to the receiver that he could take it, but that he would not turn it over because it belonged to Mrs. Reardon, was no more than saying: "There it is; you can take it, but I do not consent to the taking." Disobedience to the order to turn over the property must at least have been by some act that would hinder or delay the receiver in taking possession thereof. It is not shown that the petitioner was guilty of any such disobedience. There was nothing whatever done to prevent the receiver from at once taking charge of the property under his order, and the only reason appearing why he did not do so is his remark in response to what Reardon said: "I told him I did not want a replevin suit on my hands with Mrs. Reardon." It seems to us very clear that even if the order to Reardon to turn over the property was authorized, yet that there was no disobedience of it by Reardon, and that the court proceeded illegally in adjudging him guilty of contempt. As this fully disposes of the case, other questions discussed need not be considered.

The judgment and order of the district court in the proceedings for contempt are REVERSED.