J. A. PETTY, Appellant; v. HAYDEN BROTHERS *et al.*, Defendants; H. U. HAYDEN PUBLISHING COMPANY, Intervener and Appellees.

Intervention: WHEN TIMELY. Under Code, section 3928, authorizing any person other than a defendant to intervene in attachment proceedings at any time before payment of the proceeds of the attached property to the plaintiff, an intervention was in time, where filed after the property had been sold, and the proceeds had been deposited with the clerk under the court's order to abide a further determination of the rights of the parties.

ESTOPPEL TO INTERVENE: *Mortgagor and mortgagee.* An intervention in attachment proceedings by a mortgagee, claiming the proceeds of the attached property, is not binding on the owner of the property, since a mortgagee cannot estop a mortgagor by his conduct to prevent the mortgagor from asserting his rights as against a wrongdoer.

COST BOND: *Non-resident intervener.* Code, section 3847, providing that if a defendant, at any time before answering, shall file an affidavit stating that he has a good defense, the plaintiff, if he is a non-resident, or a private or foreign corporation, shall file security for costs, has no reference to an intervener in attachment proceedings; and hence a motion filed to compel such intervener to give security for costs as a non-resident, prior to the enactment of Acts Twenty-seventh General Assembly, chapter 100, curing such defect in the statute, was properly denied.

Change of Venue: PREJUDICE OF JUDGE: *Review on Appeal.* Code, section 3505, authorizes a change of the place of trial in a civil action for prejudice of the judges against the party, or that the adverse party or his attorney has an undue influence over the inhabitants of the county so that the party cannot obtain a fair trial, and requires the judge to decide the application according to the very right and merits of the matter. Section 3506 provides that such an application shall not be allowed after a continuance, except for a cause not known before, or arising since the continuance, and section 3507 declares that if the application for a change is granted for any cause, except prejudice or disability of the judge, the cause shall be sent to the nearest or most convenient county in the district; and if the objections are to the judge the cause shall be retained on the docket and

tried, as provided in the chapter relating to the district court. *Held*, that section 3507 merely fixed the place of trial after change was granted, and did not qualify section 3505, and that, the judge, being warranted in considering his own knowledge and convictions in the disposition of such motion, a denial of the change for prejudice of the judge, etc., would not be disturbed on appeal, it appearing that the motion had not been made until after the case was called and ready for a hearing to a jury, it having been twice passed, and more than a month having expired since it was first called for trial.

**Evidence:** CERTIFICATE OF INCORPORATION. A certificate under the hand of the secretary of state and the great seal of the state of of Missouri, to the effect that an intervener was duly incorporated, and had filed the necessary articles with the proper officials, together with the statutes of the state of Missouri, providing that such certificate should be taken as evidence of the corporate existence of a corporation, was admissible for the purpose of proving that intervener was a *de facto* corporation, which was sufficient to establish its corporate existence in a collateral matter.

**Same:** *Harmless error.* There being other uncontradicted testimony tending to show that intervener was a *de facto* corporation, the admission of a certificate of the secretary of state, certifying that the corporation was duly incorporated, if error, was without prejudice.

*Appeal from Lee District Court.*—Hon. Henry Banks, Jr., Judge.

Friday, December 20, 1901.

Action at law aided by attachment. The Hayden Publishing Company intervened, claiming to be the owner of the attached property. This plaintiff denied. On the issues thus joined the case was tried to a jury, resulted in a verdict and judgment for intervener, and plaintiff appeals.—*Affirmed.*

*T. B. Snyder* and *J. R. Frailey* for appellant.

*Casey & Stewart* and *W. S. Hamilton* for appellee.

DEEMER, J.—Plaintiff commenced an action against defendants, and caused a writ of attachment to issue, which was levied on certain printing materials then in Ft. Madison, Iowa. One Hyatt, trustee, intervened, but the various petitions filed by him were held bad on demurrer. On April 16, 1897, an order was made, on plaintiff's application, for the sale of the attached property, which provided that the proceeds should be turned over to the clerk to abide the further determination of the respective rights of the plaintiff and intervener thereto. Pursuant to this order the property was sold, and the proceeds deposited with the clerk. On September 13, 1897, and before the money was turned over to plaintiff, the H. U. Hayden Publishing Company intervened, claiming to be the owner of the property. At the same time Hyatt, as trustee, dismissed his petition, which was then pending on a motion to strike. A motion to strike the Hayden Publishing Company petition was overruled, and plaintiff filed an answer thereto, some parts of which will receive further attention as we proceed. After issues joined, and on the day before the case was reached for trial, plaintiff filed a motion for change of place of trial because of prejudice of the judge, and of undue influence of attorneys for intervener over the judge and the inhabitants of the county. The motion was not submitted until the case was called for trial, and was then overruled. The case then proceeded, with the result hitherto stated. It is contended that intervenor's petition was filed too late. Section 3928 of the Code provides, in substance that any person other than defendant may intervene in an attachment proceeding at any time before payment of the proceeds of the attached property to plaintiff. This is sufficient answer to the first point made by the appellant.

II. The motion for change of venue was supported by the affidavit of plaintiff and of three disinterested witnesses. The bill of exceptions recites: "That on February 2, 1900,

plaintiff's said motion for change of place of trial was by the court overruled, on the ground that said motion was filed too late, and after said cause had been called and read for hearing to a jury; that said cause had been called for trial at the beginning of said term, on January 8, 1900, and then passed until later to allow counsel for plaintiff therein to attend the supreme court, and had been called later in the term, and then passed again, until the trial of other causes; though the case had been thus called at different times during the term, the jury to try the same was not called and impaneled until the morning of the day after the filing of said motion and immediately after same was overruled." This statement must be accepted as a verity. Code, section 3506, expressly provides that no such application shall be allowed after a continuance. See, also, *Finch v. Billings,* 22 Iowa, 228. Moreover, such an application is to be decided by the judge according to the very right and merits of the matter. Code, section 3505. The judge was warranted in considering his own knowledge and conviction, and his ruling was so largely discretionary that we will not interfere. *Garrett v. Bicklin,* 78 Iowa, 115. Section 3507 of the Code, relied upon by appellant, merely fixes the place of trial, when the change is granted, and does not in any manner qualify section 3505.

III. Hyatt, trustee, is a mortgagee of the property and it is claimed that his intervention constituted an election, binding on the mortgagor, and that, as he (Hyatt) was defeated, intervener cannot recover, or, at least, that Hyatt's intervention was binding on the owner of the property, and it cannot be heard to intervene. There is no merit in this contention. A mortgagee cannot, by his conduct estop a mortgagor, so as to prevent the mortgagor from asserting his rights as against a wrongdoer. There is no room here for the doctrine of election of remedies. The intervener has consistently occupied but one posi-

tion, to-wit, that of claimant of the attached property|. Whatever the mortgagee may have done is entirely immaterial.

IV.   Plaintiff filed a motion for security for costs based on the ground that intervener was a nonresident. This motion was overruled. The ruling was correct. At the time the motion was filed there was no statute authorizing such a motion. Acts Twenty-seventh General Assembly cured this seeming defect. See chapter 100 of the acts of that assembly. The general statute (Code, section 3847) has no reference to such proceedings as this. *Estey v. Implement Co.*, 82 Iowa, 678; *Meyer v. Evans,* 66 Iowa, 179.

V.   Intervener pleaded that it was a corporation organized under the laws of the state of Missouri. Plaintiff answered, denying that it was a corporation, for that no articles had ever been filed as required by law; that it had disposed of its property, gone out of business, and ceased to exist. To prove corporate existence, intervener introduced a certificate under the hand of the secretary of state and the great seal of the state of Missouri to the effect that intervener was duly incorporated, and had filed the necessary articles with the proper officials. It also introduced the statutes of the state of Missouri, providing that such certificate should be taken as evidence of the corporate existence of the corporation. The certificate was objected to by plaintiff, but admitted over his objection. This ruling constitutes the basis of an assignment of error. This certificate, although insufficient, perhaps, to show a *de jure* corporation, was competent to establish a *de facto* one, and this is all that is necessary where corporate existence is a collateral matter. *Cozzens v. Brick Co.,* 166 Ill. 213 (46 N. E. Rep. 788); 1 Greenleaf, Evidence, section 501, and cases cited. Section 906 of the Revised Statutes of the United States does not provide an exclusive method of authentication. 1 Greenleaf, Evidence, section 505 There was other uncontradicted testimony tending to show that intervener was a *de facto* corporation, and

the admission of the certificate, even if error, was without prejudice. Abbott, Trial Evidence, page 34, and cases cited; *Yakima National Bank v. Knipe,* 6 Wash. 348 (33 Pac. Rep. 835). The court instructed, in effect, that intervener's corporate capacity was sufficiently established. In view of the evidence which we have recited, and which was uncontradicted, there was no error in this paragraph of the charge.

Other instructions are complained of, but, as they announced well settled propositions of law, they need not be set out.

No error appears, and the judgment is AFFIRMED.