Henry Bennett, Appellee, v. The Valley Mining
Company et al., Appellants.

**Executions:** proceedings for the discovery of property: summary
orders.   The statutes providing a summary proceeding for the
discovery of property contemplate no pleadings nor formal issue,
their chief purpose being the discovery of property in aid of an
execution; and when property is thus discovered which may be
reached by ordinary process a summary order respecting the same
will not issue.

**Same:** orders affecting real estate.   Where an examination of the
officers of a corporation in proceedings for the discovery of prop-
erty discloses the fact that it has no property except real estate
in a foreign State, the court or judge has no power to order a
conveyance of the same to a receiver in aid of an execution; as a
summary order in such proceedings is confined to real estate in
the county where the order is made.

**Same:** nature of proceedings: exercise of equity power.   A proceed-
ing for the discovery of property does not contemplate formal
proceedings, and general equity power can not be exercised there-
under by a judge in vacation; and where a pleading is presented
in such a proceeding amounting practically to a bill in equity, and
in effect asking the dissolution of a foreign corporation and a dis-
tribution of its assets, shown to be located wholly in a foreign
State, the court, by obtaining personal jurisdiction of the offi-
cers of the corporation, has no power to appoint a receiver and
order a conveyance of the property to him, but the disclosure of
such a state of facts should terminate the proceeding.

*Appeal from Linn District Court.*—Hon. J. H. Pres-
ton, Judge.

Wednesday, April 7, 1909.

This is an appeal by defendant from an order en-
tered by a judge in vacation in summary proceedings un-
der the provisions of sections 4072 to 4078 of the Code.
—*Reversed.*

*Milton Remley* and *Geo. E. Remley,* for appellant.

*Rickel, Crocker & Tourtellot* and *Dawley, Hubbard & Wheeler,* for appellee.

EVANS, C. J.—The plaintiff obtained a judgment in the superior court of Cedar Rapids in March, 1904, against the defendant corporation as principal and against Charles S. Magowan, John T. Christie, and others as sureties. A transcript of the judgment was filed with the clerk of the district court of Linn County. An execution was issued and returned "no property found." Thereafter, on September 19, an order was obtained from the judge of the district court of Linn County directed to certain officers of the company, namely, Charles S. Magowan, president, John T. Christie, secretary, George Koontz, treasurer, and C. S. Ranck, director, commanding - them to appear at the office of Rickel, Crocker & Tourtellot in the city of Cedar Rapids on September 21, 1906, then and there to testify touching the character, description, location, and disposition of the property of the defendant, the Valley Mining Company, and then and there to submit to such orders as the judge might make in the premises, and to produce all papers of any description in any wise connected with the said Valley Mining Company. This order being served upon the parties named, they appeared for examination. Thereupon an examination was had of C. S. Ranck, director, and John T. Christie, secretary. From such examination it appeared that the defendant was a foreign corporation organized by Henry Rickel and others in Colorado and under the laws thereof for the general purpose of owning and operating mining properties in Colorado, and its only property consisted of mining property in such State of Colorado. For some time previous to the examination, the president, secretary, treasurer and one director of the

company resided at Iowa City. Other directors resided in Iowa, Indiana and Ohio. Rickel sold his stock in the company and in part payment therefor took the note upon which judgment was rendered in this case. The plaintiff acquired the note from Rickel, and Rickel acted as his attorney in obtaining such judgment and in these proceedings. The examination disclosed no concealed property, nor any attempt by the defendant or its officers to cover up the property for the purpose of defrauding creditors. The identity of the property owned, as disclosed by the examination, was substantially the same as it was when Rickel was a stockholder and president of the company. The financial condition of the company had changed, in that valuable improvements had been made upon the property, and much indebtedness had been incurred. The examination also tends to show the insolvency of the corporation. In pursuance of such examination, the judge made an order, as follows:

I hereby order, adjudge and decree that a receiver be appointed of the property discovered in said proceedings, and that A. W. Coquilette, sheriff of Linn County, Iowa, be and is hereby appointed receiver of such property and all other property that may be owned by the said Valley Mining Company at the date of said examination. It is further ordered, adjudged and decreed that the defendant be, together with its officers, hereby enjoined from incumbering, transferring, or selling or in any other manner disposing of the property owned or held by the said defendant, the Valley Mining Company, and it is further ordered, adjudged and decreed that Charles S. Magowan, as president of said Valley Mining Company, and John T. Christie, as secretary, and both of them, execute in the name and on behalf of the said Valley Mining Company a full and complete conveyance of all the property of the said company owned, seized or possessed by it at this time to A. W. Coquilette, receiver, and said receiver is hereby authorized to take possession of all of said property and control the same subject to the order of this court.

I. As a basis for the order for an examination of the defendant corporation and its officers, the plaintiff presented to the judge an affidavit averring that the corporation had property which it unjustly refused to apply towards the satisfaction of the judgment. This affidavit was made in accordance with the provisions of section 4073 of the Code. Sections 4077 to 4079 are as follows:

Sec. 4077. If any property, rights or credits subject to execution are thus ascertained, an execution may be issued and the same levied upon. The court or judge may order any property of the judgment debtor not exempt, in the hands of himself or others, or due him, to be delivered up, or in any other mode applied towards the satisfaction of the judgment.

Sec. 4078. The court or judge may also, by order, appoint the sheriff of the proper county, or other suitable person, a receiver of the property of the judgment debtor, or by injunction forbid a transfer or other disposition of the property of the judgment debtor, not exempt by law, or any interference therewith.

Sec. 4079. If it shall appear that the judgment debtor has any equitable interest in real estate in the county in which proceedings are had, as mortgagor, mortgagee or otherwise, and the interest of said debtor can be ascertained as between himself and the person holding the legal estate or having any lien on or interest in the same, without controversy as to the interest of such person, the receiver may be ordered to sell and convey the same, or the debtor's equitable interest therein, in the same manner as is provided for the sale of real estate upon execution.

The proceedings provided for in sections 4072 to 4079 are summary and contemplate no pleadings nor formal issue. Their principal purpose is to discover property. *Estey v. Fuller Implement Company*, 82 Iowa, 678; *Reardon v. Henry*, 82 Iowa, 134. If the examination results in no discovery of property, the court or judge has no further duty to perform. Valuable

1. EXECUTIONS: proceedings for the discovery of property: summary orders.

personal property may sometimes be so intangible, or may be so readily concealed, or so kept upon the person of the defendant, that it is not available to a levy of execution in the ordinary way. Section 4077 has reference to that kind of property. That this section has reference primarily to some form of personal property or chose in action is also made evident by the fact that provision for reaching equitable interests in real estate is made in section 4079. If, when the property is pointed out, it may be reached by the creditor by the ordinary processes, he is not entitled to summary orders under this proceeding. *Reardon v. Henry, supra.*

The examination disclosed that there was no property of the corporation, except real estate, in Colorado. If this is not available to the plaintiff by the ordinary processes, it is only because it is in another jurisdiction. So far as the real estate itself is concerned, it is as much beyond the jurisdiction of the court or judge in the summary proceeding as it is beyond the reach of execution; and, if it were located within the territorial jurisdiction of the judge, the statute confers upon him no power to order a debtor to convey his interest in real estate either legal or equitable; much less does it confer upon him power to order the president and secretary of a foreign corporation to execute conveyances of real estate which is beyond their power to convey under the articles of incorporation. To order a debtor to convey his real estate in satisfaction of an execution is to deprive him of the right of redemption. This right is protected under the provisions of section 4079, and the method of appropriating an equitable interest in real estate is therein prescribed, and the power of summary order is confined to real estate situated within the county wherein the order is made. In other words, the proceeding is auxiliary to the execution, and this can be executed only within the county to which it runs.

2. SAME:
orders
affecting
real estate.

II. In the foregoing discussion we have ignored for the moment one ground upon which plaintiff claims to stand. At the time of the examination, the plaintiff presented to the judge a certain paper, which is referred to in his amended abstract as follows: "That on the 11th day of August, 1906, appellee filed a statement and showing in support of his application on proceeding auxiliary to execution herein, as follows: 'Showing on Application in Proceeding Supplemental to Execution. To Hon. J. H. Preston, Judge of the Eighteenth Judicial District of Iowa, at Chambers: The plaintiff above named in connection with the showing made upon the application supplemental to execution, represents and shows the following facts.'" Then follow certain allegations of the insolvency of the corporation. Also: "That the property of said defendant consists of a number of mining claims, machinery, power houses, and a concentrating mill, all located in Custer County, Colo." It is also alleged: That the property is nonproductive. That the company has issued and authorized the issue of bonds. That it has been engaged in selling its stock and bonds in Iowa, and that it has not complied with the statutes of the State of Iowa. "That the assets of said company will be further wasted and lost to its stockholders and creditors unless steps are taken to preserve said property from further loss. . . . Wherefore the plaintiff prays that a receiver be appointed with full power and authority to take charge of and preserve the property," etc. The notice of the filing of this paper was served upon the officers of the defendant corporation during the examination. The contention of the plaintiff is that the action of the judge was justified in pursuance of this petition, and the trial judge seems to have proceeded upon that theory. It does not appear from the record where this paper was filed. This query is met by the appellee with the statement that

3. SAME: nature of proceedings: exercise of equity power.

it could only be properly filed in one place, and that it
is overtechnical on the part of the appellant to raise
any question as to where it was filed.    It is said in ar-
gument that it was "filed in the proceeding."    We infer
from this statement that it was filed with the judge, and
yet this is a mere inference on our part.    It may have
been filed with the superior court where the other files of
the case were, or it may have been filed in the district
court out of which execution issued; but it lays no venue
in any court.    It is addressed to the judge only.    This
proceeding was not pending on the 11th of August.    An
order was made by the judge for the appearance of the
corporation officers on September 19.    There is no pro-
vision in the sections of the statute providing for sum-
mary proceedings whereby either party may file any
pleading, nor could the plaintiff enlarge the jurisdiction
of the judge in such proceeding by the mere filing of a
pleading.    In the view we take of the case, however, it
is not material to determine where the paper was filed,
nor whether it shall be deemed as a pleading.    The
paper was presented to the judge by the plaintiff as a
showing of facts.    It disclosed by its allegations that
there was no want of knowledge on the part of the plaintiff
as to the identity and location of the property owned by
the corporation.    The plaintiff alleged therein what prop-
erty the corporation had, and that it was all located in
Colorado.    His prayer for relief in that paper was based
upon the general ground that the property of the corpora-
tion was nonproductive, and that the company was in-
solvent, and that its officers were not properly managing
the same and were not conforming with the law either
of Iowa or Colorado.    In its allegations and prayer this
paper amounted to a bill in equity asking in effect for a
dissolution of the corporation and for an appropriation
and distribution of its assets through the hands of a receiv-
er.    The presentation of this paper ought therefore to have

terminated the summary proceedings at the close of the examination. Whether a court of equity in the exercise of its general powers can under any circumstances appoint a receiver for a foreign corporation which has no property in this State, or whether it can operate upon such corporation and its property in a foreign State by obtaining personal jurisdiction of its officers in this State and order them to execute conveyances of the corporation property, we have no occasion now to determine. It is very clear to us that no such power can be exercised in summary proceedings under the sections of the statute referred to. If plaintiff desired to invoke the general equity powers of the court, he should have done so by proper action wherein issue could be joined by proper pleadings. The sections of the statute under which he proceeded do not confer general equity powers upon a judge in vacation.

The order appealed from must therefore be *reversed*.