LEHIGH SEWER PIPE & TILE COMPANY, Appellee, v. O. N. GJELLEFALD, Appellant, et al., Appellees.

*Thompson, Loth & Lowe,* for appellant.

*Blythe, Markley, Rule & Clough,* for appellee.

ALBERT, J.—C. E. Paine and O. N. Gjellefald were partners, under the name of Paine & Gjellefald. On February 17, 1926, the plaintiff obtained a judgment against them for $1,900, interest, and costs. This judgment was against  the firm and the individual members thereof. Execution was issued thereon, and returned *nulla bona.* Whereupon, plaintiff filed an application, under Chapter 502, Code of 1924, setting up the proper facts, and praying that an order be issued requiring O. L. Gjellefald and Mrs. Alta Gjellefald, his wife, to appear before the court for an examination in relation to the property owned by them or the disposition that had been made of it, as provided by the aforesaid chapter. Accordingly, an order was made by the court, the court also appointing J. E. Howard as referee, to conduct the examination, with an order to subpoena witnesses, etc.

On June 3, 1927, the defendant O. N. Gjellefald filed a motion to modify the aforesaid order, alleging that Mrs. Alta Gjellefald was the wife of the defendant, and that she was not a competent witness to give testimony against him in this proceeding, because of Section 11260, Code of 1924, for the reasons: "(3) That such witness is not a party to the suit;" and (4) "this defendant is the sole surviving defendant to the judgment, and her testimony cannot be said to be sought against the other defendant, who is deceased, and who has no personal representative."

This motion was accompanied by an affidavit asserting the above facts. On July 5, 1927, this motion to modify the order was overruled and denied, and the plaintiff excepted to such.

ruling, and on the same date the defendant O. N. Gjellefald appealed from the ruling of the court.

The errors assigned by the appellant are:

1. That the court erred in ordering the examination of defendant's wife as a witness against him.

2. That the court erred in refusing to modify the order made without notice, so as to remove the requirement that the defendant's wife appear as a witness against him.

The appellee, however, insists that plaintiff has no standing in this court, for the reason that the order requiring a witness to appear for examination is not an appealable order. To this contention we will first turn our attention.

The evident intent and purpose of this chapter of the Code (502) are to discover property belonging to the judgment debtor, to the end that the same may be by proper proceedings utilized for payment of said judgment. To attain this end, Sections 11800 to 11803, inclusive, provide, in substance, that the court may make an order for an examination of the judgment debtor, and that the hearing on such order may be before the court, or a referee appointed by the court to conduct such examination, whereupon the referee may call the judgment creditor into court, and conduct said examination, which shall be taken down in writing and preserved.

Section 11804 provides that other witnesses may be examined when the court so orders, or when subpoenaed by the referee, and testify upon any proceedings under this chapter, in the same manner as upon the trial of an issue.

It is apparent from these sections of the Code that the application for and the issuance of the order are wholly ex-parte, and that the statute does not require that notice of the application for said order shall be given the judgment debtor. As above noted, the court or referee is given the power to examine the defendant, and also to examine any other witnesses that the court or the referee may designate. The original order made in this case is strictly within the powers conferred by the statute, and the judgment debtor has no reason to complain against the same, unless it be by reason of his contention that his wife was ordered subpoenaed herein, and that she is an incompetent witness, under the statute.

Section 11260, Code of 1924, reads as follows:

"Neither the husband nor wife shall in any case be a witness against the other, except:

"1. In a criminal prosecution for a crime committed one against the other, or

"2. In a civil action or proceeding one against the other, or

"3. In a civil action by one against a third party for alienating the affections of the other, or

"4. In any civil action brought by a judgment creditor against either the husband or the wife, to set aside a conveyance of property from one to the other on the ground of want of consideration or fraud, and to subject the same to the payment of his judgment."

It is conceded that the instant proceedings do not come within, nor do they involve, any of the four exceptions set out in the above section of the statute. We then have for consideration the question of the naked prohibition of the statute that neither the husband nor the wife shall in any case be a witness against the other. The effect of this statute is to make the husband or wife in particular cases incompetent witnesses. The question of the competency of a witness cannot, in our opinion, be raised until the witness is tendered.

We can conceive of instances where a wife might be called in a litigation in which her husband was involved, and give testimony which would not come within the inhibitions of this section. In the case of *Estey & Camp v. Fuller Imp. Co.*, 82 Iowa 678, in which an auxiliary proceeding similar to the one in the case at bar was pending, A. R. Fuller and M. E. Fuller, his wife, were subpoenaed, and when A. R. Fuller was tendered as a witness, his wife objected, on the ground that he, being her husband, was incompetent, under this section of the statute, to testify against her. This objection was overruled, and the witness testified to certain matters which need not be set out here. This court, in passing upon that question, held that, under the state of the record, it could not be said that Mr. Fuller was permitted to testify against his wife over her objection. In this case we have at least recognized that the spouse in such cases can give certain testimony.

We think the question raised by the appellant here is premature. The proceedings should have continued to the proper

point where this witness was tendered, and whatever rights there were to object to the witness on the ground of competency could then be interposed; and we cannot presume that the referee in this case would deprive the appellant of whatever benefits there are in this section of the statute.

In *Richards v. Burden*, 31 Iowa 305; the proceedings had reached the point where the wife was tendered as a witness; and the husband objected to her examination; and she refused to be examined on the part of the plaintiff. The referee referred the matter to the court, and the court decided that the wife was not a competent witness, against the objections of her husband. The party tendering the witness stood on this ruling, and appealed. This court refused to entertain the appeal, on the ground that:

"The decision in the case under consideration does not affect the merits of the case nor any such rights of the appellant."

Some light is thrown on this question also in *Thompson v. Silvers*, 59 Iowa 670; *Osborne v. Reardon*, 79 Iowa 175. Another angle of the same case is found in *Reardon v. Henry*, 82 Iowa 134. See, also, *Stephenson v. Cook*, 64 Iowa 265; *Stagg v. First Nat. Bank*, 203 Iowa 84; *Frankenthal v. Solomonson*, 20 Wash. 460 (44 L. R. A. 311).

It is our conclusion that the contention made by the appellant herein is premature, and hence the order must stand, being an interlocutory order from which no appeal will lie. Whatever rights appellant has under the contention he made as to the competency of his wife as a witness in this proceeding should be determined at that point in the proceeding where she was tendered as a witness. It being held by us that the order from which the appeal was taken in this case is not reviewable on appeal, this disposes of the case.—*Dismissed.*

STEVENS, C. J., and FAVILLE, DE GRAFF, and WAGNER, JJ., concur.

MORLING, J., takes no part.