JAMES C. DAVIS, Petitioner, v. DISTRICT COURT OF ALLAMAKEE COUNTY et al., Respondents.

**EVIDENCE:** Production—Sufficiency of Application. A petition for
1 the production of multitudinous papers and writings pertaining to the handling by a carrier of a shipment of goods need not designate each and every paper and writing with *absolute* precision; but the materiality of such matters and the fact that they are necessary to enable the petitioner to establish his cause of action must be made to appear.

**CERTIORARI:** When Writ Lies—Order For Production of Evidence.
2 Principle reaffirmed that certiorari will lie, to review an order with reference to the production of documentary evidence, only when the order passes beyond the *discretionary* power of the court and becomes *illegal* or in *excess* of jurisdiction.

**EVIDENCE: Production—Extent and Scope of Order.** The court may not order a party to an action to produce books, papers, and writings which are in the custody and under the control of a party who is not a party to the action.

*Certiorari to Allamakee District Court.*—W. J. SPRINGER, Judge.

APRIL 3, 1923.

ORIGINAL certiorari proceedings in this court.—*Writ sustained.*

*Hughes, Taylor & O'Brien,* for petitioner.

*W. S. Hart,* for respondents.

STEVENS, J.—I. This is an original certiorari proceeding in this court, to test the validity of an order for the production of certain documentary evidence for the use of the plaintiff, which, it is alleged in the petition therefor, is

1. EVIDENCE: production: sufficiency of application.

material and necessary to the establishment of the cause of action pleaded. The action pending in the court below is entitled Will Clark, plaintiff, v. Chicago, Milwaukee & St. Paul Railway Company, New York Central Railroad Company, Boston & Albany Railroad, and Walker D. Hines, United States Director General of Railroads, defendants, and was brought to recover damages occasioned to a car of dressed poultry in transit, consigned to the Chicago, Milwaukee & St. Paul Railway Company at Waukon, Iowa, for transportation to Boston, Massachusetts. The petition charged negligence as follows:

"That on or about the 9th day of December, A. D. 1918, plaintiff delivered to Chicago, Milwaukee & St. Paul Railway, at Waukon, Iowa, for transportation to Boston, Massachusetts, over lines of above named defendant railway companies, a carload of dressed poultry, properly packed, loaded, and in first-class condition, and defendants took, received, and accepted said poultry, in capacity of common carrier, and assumed the duties, liabilities, and obligations of a common carrier with reference thereto, and contracted, undertook, and agreed to transport same with a reasonable degree of speed, celerity, and safety to plain-

tiff's consignee, Bartlett & Varney, at Boston, Massachusetts. That, instead of transporting said carload of poultry with a reasonable degree of speed, celerity, and safety, and exercising and meeting the duties and obligations of a common carrier with reference thereto, the said poultry was negligently, carelessly, and improperly handled, cared for, and transported, and on arrival at Boston, Massachusetts, was in a damaged, unfit, unsalable, and unmarketable condition, solely and entirely through the fault, neglect, delay, mishandling, mismanagement, and failure of defendants to transport same as and under the duties and obligations of a common carrier.''

The cause was twice tried in the court below, the second trial resulting in a directed verdict in favor of the Chicago, Milwaukee & St. Paul Railway Company, and a disagreement as to the defendant James C. Davis, agent under the Federal Transportation Act, who had been substituted as defendant, in place of Walker D. Hines, Director General. Presumptively, none of the other defendants named were served with notice, as James C. Davis, agent, and plaintiff herein, was the sole defendant at the time the order complained of was entered. The petition of the plaintiff alleged in part:

''That, in the usual course of exercise of its functions as common carrier,' the defendants and instrumentalities operating same made and kept certain car sheets, train sheets, train and refrigeration records, reports, shop, yard, repair, and icing records and other papers, books, records, reports, and documents with reference to said car, and the maintenance, care, movement, and operation thereof during entire time from December 2d to December 30, 1918, inclusive, which said books, records, papers, and documents are in the custody and control of defendants and accessible to defendants, and readily and conveniently producible prior to and at time of trial of this case. That plaintiff and his attorney state, upon knowledge and information produced by diligent and careful investigation of facts, that, if said books, records, reports, tracings, and other papers, documents, and records with reference to said car and the use and disposition thereof, and with reference to contents of same, if produced and available to plaintiff upon trial of said cause, will show that said car was not in proper condition and repair, and

not properly cared and prepared for shipment in question, and that such lack of repair, proper condition, care, and attention was known to officers, agents, and employees of carrier in charge thereof during said period, and that the same caused or contributed to the loss, damage, and spoiling of carload of poultry belonging to plaintiff, transported in said car, and plaintiff expects to prove said facts from and by such books, papers, reports, records, and other documents with reference to said car, and the loading, billing, care, attention, and movement thereof, and of the contents of same.''

Written objections to the granting of a rule were filed by the defendant, plaintiff herein, which, in substance, are as follows: That, as the case had been twice tried, plaintiff was fully conversant with all the facts connected therewith, and had had access to such records of the defendant as, under the issues in the case, he was entitled to; that the petition did not designate and specify the records, books, and papers desired, with sufficient particularity; that it does not show that the same are material to the issues joined, or essential to the establishment of plaintiff's cause of action; that it is apparent upon the face of said petition that the real purpose of plaintiff's attorney is an attempt to get possession of the private investigation made by the defendants for its own use in the trial of said cause; that it is a fishing expedition on the part of plaintiff, with the hope of discovering something that he can use as evidence upon the trial, or of such facts as will lead to the discovery of other evidence material to plaintiff's cause of action; and that the only issue between the parties, as shown by the record, is as to the icing of the car in which the poultry was shipped, and the amount of plaintiff's recovery.    The court, upon hearing, entered the following order:

''Petition of plaintiff sustained, in so far as it requires defendant to produce forthwith all books, papers, and writings called for in prayer of petition, under the custody and control of defendant Chicago, Milwaukee & St. Paul Railway Company.''

The prayer of the petition was as follows:

''Wherefore, plaintiff prays for peremptory rule or order commanding and requiring defendants to forthwith, with rea-

sonable diligence, procure and submit for examination by plaintiff and his counsel, and for purpose of making copies thereof, and for use and introduction in evidence, all records of every kind and nature with reference to said D. & R. G. car No. 31000, and the contents thereof from December 2d to December 30, 1918, including notations and records as to condition of said car on December 2d, when received, and thereafter until December 30, and of all repairs and other labor changes, icing, loading, unloading, billing, transportation, and movement of said car during said period, and all other train, car, shop, repair, icing, billing, loading, unloading, cleaning, and all other notations, memoranda, sheets, records, books, reports, notices and other papers, records, and documents with reference to said car and attention thereto, and contents of same and movement and disposition thereof, as provided, authorized, and required by statute.''

Sections 4654 and 4655 of the Code, upon which the proceedings in the court below were based, are as follows:

''Section 4654. The district or superior court may in its discretion, by rule, require the production of any papers or books which are material to the just determination of any cause pending before it, for the purpose of being inspected and copied by or for the party thus calling for them.''

''Section 4655. The petition for that purpose must state the facts expected to be proved by such books or papers, and that, as the petitioner believes, such books and papers are under the control of the party against whom the rule is sought, and must show wherein they are material. The rule shall thereupon be granted to produce the books and papers, or show cause to the contrary, if the court deems such rule expedient and proper.''

The principal challenge of plaintiff herein to the sufficiency of the petition is that the books and papers desired are not sufficiently identified, nor their materiality shown. Both of these matters are essential, and a rule should not issue unless the statute is complied with. The purpose of the statute is to provide a convenient and summary method of obtaining material and competent documentary evidence in the custody or under the control of an adversary. It was not designed nor intended to be made an instrument for compelling such adversary to dis-

close his defense, nor to impart information to be made use of by the petitioner for the discovery of other facts that may, perchance, aid his cause of action. *Grand Lodge A. O. U. W. v. Webster County Dist. Court,* 150 Iowa 398; *Carpenter v. Wynn,* 221 U. S. 533 (55 L. Ed. 842). As stated in 14 Cyc. 370:

''A party cannot obtain a roving commission for the inspection or production of books or papers, in order that he may ransack them for evidence to make out his case. He is entitled to production or inspection only when the same is material and necessary to establish his cause of action.''

The car sheets, train sheets, train and refrigeration records, and icing records, made out or kept by the carrier or the agents of the railroad administration, and all billing and shipping receipts relating to the movement in question, were sufficiently identified by plaintiff in his petition, and, under the issues, might well be material to the establishment of his cause of action. It is not always easy for the petitioner to specify with absolute precision the papers or documents desired, and some latitude must necessarily be allowed where this is true. Notations or memoranda appearing upon the records and papers referred to may or may not be material or admissible. Their admissibility must necessarily be determined in the first instance by the trial court. The defendant should not be required to produce for the inspection of a petitioner immaterial evidence, or documents, books, or papers that are inadmissible upon proper objection. It is discretionary with the court whether a rule shall be entered, and, so far as the court confines its ruling within the discretion allowed by statute, or it is

2. CERTIORARI: when writ lies: order for production of evidence.    merely erroneous, it is not subject to review in this court by an original proceeding in certiorari. *Finn v. Winneshiek Dist. Court,* 145 Iowa 157; *Hatch v. Board of Supervisors,* 170 Iowa 82; *Iowa Loan & Tr. Co. v. District Court,* 149 Iowa 66; *Tiedt v. Carstensen,* 61 Iowa 334. If, however, the order goes beyond the discretion and authority of the court, and thereby becomes illegal, or the court exceeds its jurisdiction, it is subject to review by certiorari. *Dalton v. District Court,* 164 Iowa 187; *Grand Lodge A. O. U. W. v. Webster County Dist. Court,* supra; *Witmer v. District Court,* 155 Iowa 244; *Denison Cotton Mill*

*Co. v. Schermerhorn,* 257 Ill. 128 (100 N. E. 491) ; *Evans v. Seaboard Air Line R. Co.,* 167 N. C. 415 (83 S. E. 617) ; *Landon v. Morehead,* 34 Okla. 701 (126 Pac. 1027) ; *Cully v. Northern Pac. R. Co.,* 35 Wash. 241 (77 Pac. 202).

The order of the court below should be modified so as to require the production of only the papers and documents designated and pointed out in the petition. The order based upon the prayer of the petition was too broad, except in the particulars pointed out.

II. The remaining question to be considered by us relates to the form and scope of the order entered. As already pointed out, the statute specifically requires that the petition allege that

3. EVIDENCE: production: extent and scope of order.

petitioner believes that the books and papers sought are under the control of the opposite party. At the time the order complained of was entered, plaintiff herein was the sole defendant in the case. It is true, as contended by defendant in this proceeding, that the petitioner alleged in his petition that he believed that the books and papers desired were in the custody and control of the defendant, and that the defendant did not, in his answer and objections to the granting of the order, deny this allegation thereof. The difficulty with this contention is that the defendant could not, in advance of the hearing upon the application, anticipate that an order would be entered directing him to produce papers and documents in the possession or under the control of the initial carrier, which was not then a party to the action. The infirmity inheres in the order itself. The court could not, under the plain terms of the statute, compel the defendant to produce books and papers not under his control. It is argued that, under the laws of Congress, the books and papers in the custody of the carrier are subject to the defendant's demand. This does not, however, if true, meet the situation. It may be that the defendant below, plaintiff herein, is entitled to the possession of the papers in the custody of the Chicago, Milwaukee & St. Paul Railway Company, and that it will surrender the same to him upon demand; but the statute limits the power of the court to order production and inspection of books and papers to such as are under his control. Had this matter been brought to the attention of the court below, it may

be assumed that the order would have been modified to comply with the statute. The court clearly exceeded its discretion and authority when it ordered the defendant to produce documents, even though material and necessary to the establishment of the cause of action pleaded, which were under the custody and control of the Chicago, Milwaukee & St. Paul Railway Company. The writ must, therefore, be sustained. The sustaining of the writ will not, however, operate to prevent the modification of the order by the court in harmony with this opinion.

Some contention is made by defendant in this proceeding, plaintiff below, that, under the laws of Congress, the Federal agent, under the Transportation Act, has a right to demand the papers called for, and that it is the duty of the carrier to deliver the same to him. This may be true, but it does not avoid the difficulty with which we are now concerned. If the rule had been to require the defendant to produce for inspection and for plaintiff's use as evidence, books and papers in his custody or under his control, perhaps a different question might be presented. If the desired documents are under his control, the statute contemplates that he will produce them.

For the reasons stated, the writ is—*Sustained.*

PRESTON, C. J., EVANS and DE GRAFF, JJ., concur.