# WEST BRANCH PANTS COMPANY, Respondent, v. HERMAN GORDON, Appellant.

## (200 N. W. 908.)

**Appeal and error — ruling on motion to set aside order for examination of defendant before trial not appealable.**

In the instant case the trial court made an order, under § 7864, Comp. Laws, 1913, for the examination of the defendant before trial. On the return day, the defendant appeared and moved that the order for his examination be set aside. Defendant's motion was denied, and he has appealed. For reasons stated in the opinion, it is *held* that the order sought to be reviewed is not appealable.

Opinion filed November 17, 1924.

Appeal and Error, 3 C. J. § 329 p. 496 n. 13.   Discovery, 18 C. J. § 49 p. 1081 n. 34.

Appeal from the District Court of Ward County, *Lowe, J.*

Defendant appeals from an order denying his motion to set aside an order issued under § 7841, Comp. Laws, 1913.

Appeal dismissed.

*Palda & Aaker,* for appellant.

Under these statutes, the examination is generally taken after issue has been joined, though there are statutes which provide that it may be had before; but, in such cases, it is usual for the court to limit, by an order the subjects to which the examination shall extend, . . . The party is not called upon by the sections to surrender his own documents to be indefinitely impounded in court.   Jones, Blue Book of Ev. § 703.

The discovery sought must be material to enable the plaintiff in a bill to support or defend a suit.   Jones, Blue Book of Ev. 704.

No doubt a witness may before he is required to answer have the determination of a court as to whether or not the matters as to which it is proposed to examine him are material and relevant to the controversy. This is particularly true where he is required to exhibit books and papers relating to many matters other than those appertaining to the facts in dispute. This may be done either at the time an applica-

tion is made for a writ to compel the attendance of the witness, or the same questions may be properly raised as in this case, by a motion to suppress the subpœna. Gullun v. Hibernia Bank & Trust Co. (Wis.) 195 N. W. 703.

In the case of Princess of Wales v. Lord Liverpool, 1 Swanst. 114, 580, Lord Eldon at first refused an application for an order to the opposite party to produce the documents, but finally ordered their production, but "he required the defendant to state in what respect the inspection of the notes was material for his defense." Wigmore, Select Cases on Ev. p. 743.

An answer, by way of general denial, is the equivalent of and substitute for the general issue under the common law system of pleading. It gives the defendant the same right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery as was given by that plea. Under the common law system, the general issue could not be stricken out as sham, although shown by affidavit to be false. Kline v. Harris, 30 N. D. 421, 152 N. W. 687; Park, Grant & Morris v. Nordale, 41 N. D. 351, 170 N. W. 555.

McGee and Goss, for respondent.

Where it appears that a party to an action has knowledge of facts which are material in determination of that issue, either party to the action under this provision of the code is entitled to examine such party and have his deposition for use at the trial. Mithertz v. Goldschmidt Bros. 118 N. Y. Supp. 610.

Each party is to be confined to those matters which are material to sustain the case which he sets up by his pleadings; he is to be allowed to obtain by interrogating his adversary, proof of his own case. Jones, Ev. §. 703.

The plaintiff can call the defendant for cross-examination to make proof of necessary and material facts in establishing their case, and does not permit of "fishing excursions." Wigmore, Select Cases of Ev. p. 743.

CHRISTIANSON, J. Plaintiff brought this action to recover the sum of $228.00 and interest, which he claims is due him from the defendant for certain goods, wares and merchandise. The defendant interposed a general denial. After issue was joined plaintiff applied to the court

·(under § 7864, Comp. Laws, 1913) for an order for the examination of defendant before trial. The court granted plaintiff's application, and issued an order requiring defendant to appear and testify before the judge of the district court at a time and place fixed in the order. On the return day the defendant appeared and moved that the order for examination be vacated and set aside. The motion was denied and defendant has appealed.

Plaintiff moves that the appeal be dismissed on the ground that the order sought to be reviewed is not appealable.

Under our statute (Comp. Laws, 1913, § 7841) an appeal may be taken to this court from the following orders only:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

3. When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 8074 of this code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer.

4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness thereof.

5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

It seems clear that the order sought to be reviewed on this appeal does not fall within any of the classes of orders enumerated. Obviously it does not in effect determine the action and prevent a judgment from which an appeal **may be taken.** Nor is it an order made in

special proceedings, or upon summary application after judgment. Our statute (Comp. Laws, 1913, § 7329) divides all remedies into (1) actions, and (2) special proceedings. An action is distinguished from a special proceeding, and vice versa. The term "special proceedings" includes only remedies not furnished by actions. Adverse examination under § 7864, supra, is a mere proceeding within an action, an incidental part of an action. "It cannot be a special proceeding, because the two terms, 'action' and 'special proceeding,' are used in the Code in contradistinction to each other." Milwaukee Corrugating Co. v. Flagge, 170 Wis. 492, 175 N. W. 777, 778. It is not a provisional remedy. Comp. Laws, 1913, § 7487. And it in no manner "involves the merits of an action or, some part thereof." The order is, in effect, a ruling on evidence, i. e., the examination of a witness and falls within the rule announced in Kennelly v. Northern P. R. Co. 41 N. D. 395, 170 N. W. 869.

Appeal dismissed.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.