GEORGE STAGG et al., Appellants, v. FIRST NATIONAL BANK OF IOWA CITY et al., Appellees.

APPEAL AND ERROR: Decisions Appealable—Ordering Production of Books. An order for the production of books is not appealable.

1

ALBERT, J., dissents.

CERTIORARI: When Writ Lies—Order For Production of Books. Certiorari may be proper for the review of an order for the production of evidence in the form of books.

2

Headnote 1: 3 C. J. p. 496. Headnote 2: 11 C. J. p. 107.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

FEBRUARY 15, 1927.

Action for an accounting. The district court made an order on plaintiffs to produce books and papers, and from this order plaintiffs appeal.—*Appeal dismissed.*

*E. E. Collins* and *S. K. Stevenson,* for appellants.

*Dutcher & McClain*, for appellees.

ALBERT, J.—The first question raised is whether or not such an order is appealable. Section 3164, Code of 1873, reads in part as follows:

"An appeal may also be taken to the Supreme Court from the following orders:

"1. An order made affecting the substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken;

"2. A final order made in special proceedings affecting a substantial right therein, or made on a summary application in an action after judgment;

"3. When an order grants or refuses, continues or modifies a provisional remedy; or grants, refuses, dissolves, or refuses to dissolve an injunction or attachment; when it grants or refuses a new trial, or when it sustains or overrules a demurrer;

"4. An intermediate order involving the merits and materially affecting the final decision;

"5. An order or judgment on habeas corpus."

This section has been substantially re-enacted as Section 12823, Code of 1924.

The position of appellants is that, under Subdivision 3 of the above quoted statute, an order of this kind is a "provisional remedy," and therefore appealable. We have twice passed upon this question, holding that such an order is not appealable. *Cook & Wheeler v. Chicago, R. I. & P. R. Co.*, 75 Iowa 169; *Devier v. Economic Life Assn.*, 106 Iowa 682. True, the assault in the *Cook* case was directed against Subdivisions 1 and 4 of the above act, and the same is true in the *Devier* case. While the writer is of the opinion that the order made does refer to a provisional remedy, the majority of the court are of the opposite opinion, and it is therefore held, in accord with the rule heretofore existing, that the order sought to be appealed from herein is not appealable.

To the effect that such an order is not a provisional remedy,

1. APPEAL AND ERROR: decisions appealable: ordering production of books.

2. CERTIORARI:    see *West Branch Pants Co. v. Gordon,* 51 N. D.
when writ lies:   742 (200 N. W. 908). The remedy in matters
order for pro-
duction of books. of this kind is by certiorari. See *Davis v. District Court,* 195 Iowa 688.

It being found by the court that the order involved herein is not appealable, the appeal is dismissed.—*Appeal dismissed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.