JOHN M. ASPLUND AND OTHERS v. WILLIAM BROWN AND OTHERS.[1]

November 25, 1938.

No. 31,904.

*John A. Goldie* and *Gilbert E. Carlson,* for relators.
*Arthur H. Anderson,* for respondents.

STONE, JUSTICE.

This cause is before us on the motion of plaintiffs to quash a writ of *certiorari* issued on the petition of defendants. The latter by that writ seek review of an order, made under the statute, 2 Mason Minn. St. 1927, § 9886, directing defendants to allow plain-

[1] Reported in 282 N. W. 473.

tiffs an inspection of books, correspondence, records, and other documents.

We need not now follow the far-flung allegations of the pleadings, other than to make a brief summary of those necessary to an understanding of the decision. Plaintiffs profess to sue for themselves and other members of General Drivers Union, Local 544, with headquarters in Minneapolis. That organization is affiliated with the International Union of Teamsters, which in turn is a unit of the American Federation of Labor. Defendants are sued as officers of the local union. The charges of misconduct made by the complaint are numerous and some are of such character that, if true, plaintiffs are entitled to an accounting on behalf of themselves and other members of the local. Defendants deny all such charges, but with the resulting issue we are not now concerned. The point is that, on the pleadings, plus additional showing by affidavit, plaintiffs procured an order directing defendants to submit the enumerated documents to an inspection of the kind contemplated by the statute, with leave to make copies.

By the decision in In re Trusteeship Under Will of Melgaard, 187 Minn. 632, 246 N. W. 478, it is settled that such an order is not appealable. So much is conceded by defendants, but they argue that, in the absence of appeal, such an order is reviewable by *certiorari*.

That contention we must also deny, because in this state the writ of *certiorari* is employed as a substitute for a writ of error. Hence it does not lie to an intermediate order. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 1396, and cases cited. It was expressly so held as to an order for inspection of books and papers in State ex rel. Seattle G. C. Co. v. Superior Court, 56 Wash. 649, 106 P. 150, 28 L.R.A. (N.S.) 516. In the latter report there is a note indicating the generality with which the courts hold that such an order is not appealable.

There are some jurisdictions, notably Wisconsin, which, as indicated by the writer's dissent in In re Trusteeship Under Will of Melgaard, *supra,* consider such an order as a species of discovery and so the granting of a provisional remedy, and for that reason

appealable. But plainly where, as here, it is not considered a provisional remedy, and so held not appealable, it would be an evasion of statutory law for judges to permit review by *certiorari* where the legislature is considered to have denied review by appeal. (Under the Iowa practice, *certiorari* does lie to intermediate orders if they are "illegal," Davis v. District Court, 195 Iowa, 688, 192 N. W. 852; Stagg v. First Nat. Bank, 203 Iowa, 84, 212 N. W. 342; Dunlop v. District Court, 214 Iowa, 389, 239 N. W. 541.)

This court's function of review, as created by the constitution and regulated by statute, is not to be extended by judicial action to the field of supervisory and visitorial power. We must not constitute ourselves inspectors of mere procedure and preliminary orders in a cause pending in the district court. We would do just that if by *certiorari* we were to indulge in the practice of interrupting proceedings in the trial court by reviewing interlocutory orders.

The legislature has pretty well covered the field of review by its detailed enumeration of the orders from which an appeal may be taken. 2 Mason Minn. St. 1927, § 9498. We have repeatedly held that enumeration to be exclusive, that is, as indicating an intention that there should be no review here of orders not enumerated in that statute. That is why, in Cox v. Selover, 165 Minn. 50, 51, 205 N. W. 691, 692, and Salters v. Uhlir, 196 Minn. 541, 542, 265 N. W. 333, we held that *certiorari* would not lie to review an order made after verdict and granting a new trial. As indicated in those cases, to permit a review by *certiorari* of intermediate orders not appealable under the statute "would serve the same purpose as an appeal" and thereby "accomplish indirectly that which cannot be done directly."

*Certiorari* simply does not lie to an intermediate order. State ex rel. Smith v. Probate Court, 72 Minn. 434, 75 N. W. 700 (order extending time to allow amendment of a claim); State ex rel. Tolversen v. District Court, 134 Minn. 435, 159 N. W. 965 (order appointing engineer to make survey and report concerning the establishment of a judicial ditch); State ex rel. Scherber v. Probate Court, 142 Minn. 499, 172 N. W. 210 (order denying application for extension of time for presentation of claims); State v. Weston,

23 Minn. 366 (order denying motion for change of venue). See also 11 C. J. pp. 127-128.

Inasmuch as the order sought to be reviewed is an intermediate order and not in any way finally determinative of anyone's ultimate right, the writ of *certiorari* was improvidently issued and should be quashed. Argument that we have the power and some discretion to allow such writ is quite beside the point. It is not for us to abuse either the power or the discretion vested in us by the lawmakers. "The statute authorizing this court to issue writs of *certiorari* does not affect the case. That power can be exercised by the court when that writ is the proper mode of removal, and in no other case." State v. Weston, 23 Minn. 368.

The order is of a comprehensive and blanket nature. An accounting suit is frequently, as matter of orderly procedure, "triable in separate parts." Sinclair Refining Co. v. Jenkins Petroleum Process Co. 289 U. S. 689, 693, 53 S. Ct. 736, 737, 77 L. ed. 1449, 88 A. L. R. 496. In view of the broad coverage of the order allowing an inspection, it may be that as to part of the material attempted to be reached defendants should have the right, upon proper motion and showing, to have the order modified. For these reasons this decision will be considered below as without prejudice to any motion or other application for relief made by defendants in the respects just indicated. Subject to that, the writ of *certiorari* must be quashed.

So ordered.