Hampton Clinic et al., Petitioners, v. District Court of Franklin County et al., Defendants, Respondents.

No. 45677.

November 18, 1941.

James E. Coonley and Senneff & Senneff, for petitioners.

Sterling Alexander and W. H. Soper, for respondents.

STIGER, J.—J. C. Garrett, in his petition asking damages against the Hampton Clinic, et al.—petitioners in this certiorari proceeding—alleged in substance that the defendants failed to properly diagnose and treat his condition. Defendants filed a motion to make the petition more specific. The trial court sustained the motion in part and plaintiff was required to set out each act of omission or commission upon which he relied to prove negligence in the treatment of a broken arm, broken pelvic bone, broken femur of the right leg and wherein the diagnosis was improperly made.

Plaintiff then filed a verified petition under the provisions of sections 11316 and 11317, Code of 1939, for production of the documents. It stated the facts relating to the diagnosis and treatment were contained in the charts and records of the hospital and in the clinical records of defendants pertaining to the plaintiff's case which documents were either in the possession or under the control of defendants who had refused to produce them for inspection by plaintiff on request. The petition for production further stated:

"That said hospital records, charts and pictures are material to the just determination of this cause in that they will show the diagnosis of plaintiff's condition as made by the defendants and the treatment accorded him, which facts are not now definitely within the knowledge of plaintiff, to the extent necessary to enable him to amend his petition pursuant to the ruling of the Court on Defendants' Motion for more specific statement. That the facts which the plaintiff expects to plead and prove by such records, charts and pictures are that a bone infection resulting after the introduction by the defendants of pegs into the bone of his leg was improperly treated by not promptly removing said pegs, the infection being thereby allowed to continue and increase in severity, without any effort being made to abate such infection. * * *

"That the plaintiff be permitted to inspect and copy said

records and charts and that the defendants show cause for their failure or refusal to produce the same.''

Defendants resisted the petition for production of clinical and hospital records, stating that:

''The Lutheran Hospital was a separate, distinct corporation not owned or operated by the defendants; that the hospital corporation had charge of its own records and that they were not under the control of the defendants; they further objected to the production of their clinical records on the ground that it was a mere fishing of the plaintiff for evidence for the purpose of finding out whether he had a lawsuit or whether he did not and to get the defendants' personal records so as to find out what their defense would be; that the petition really was one for the purpose of undertaking to discover whether the plaintiff had a cause of action.''

The trial court found that the hospital records and charts were under the control of defendants and that the records and charts of the hospital and defendants were material and necessary to enable plaintiff to prepare his case for trial and to the just determination of his cause of action all as required by sections 11316 and 11317 of the Code of 1939. The defendants in the damage suit are the petitioners in the proceeding before us, and claim respondent acted illegally and in excess of its jurisdiction in issuing the rule for the production of the documents.

I. Sections 11316 and 11317, Code, 1939, read:

''11316 Production of books and papers. The district or superior court may in its discretion, by rule, require the production of any papers or books which are material to the just determination of any cause pending before it, for the purpose of being inspected and copied by or for the party thus calling for them.

''11317 Petition—granting or refusing. The petition for that purpose shall be verified, and must state the facts expected to be proved by such books or papers, and that, as the petitioner believes, such books and papers are under the control of the party against whom the rule is sought, and must show wherein

they are material. The rule shall thereupon be granted to produce the books and papers, or show cause to the contrary, if the court deems such rule expedient and proper.''

It is not claimed the petition does not meet the requirements of section 11317.

Whether a rule will be entered for the production of books and papers rests in the sound legal discretion of the court. Section 11316, 1939 Code; Allison v. Vaughan, 40 Iowa 421; Davis v. District Court, 195 Iowa 688, 192 N. W. 852. The statutes providing for the production of books and papers are remedial and should be liberally exercised. As stated in Travelers Insurance Co. v. Jackson, 201 Iowa 43, 46, 206 N. W. 98, 99: ''We have given a broad and liberal interpretation to that statute [11316].'' We are convinced from the record before us the documents are material to plaintiff's suit for damages against the petitioners and to a just determination of his cause of action and are necessary to enable plaintiff, petitioner for the rule, to comply with the order entered on the motion for more specific statement. The trial court so held.

In Main v. Ring, 219 Iowa 1270, 1275, 260 N. W. 859, 862, the court said:

''The trial court determined the papers were material. Its order should not be annulled unless it appears that the papers ordered produced are clearly not material to the inquiry. The presumption should be that the court acted within its proper jurisdiction.''

Petitioners do not seriously claim that the documents are not material, competent evidence for plaintiff. ''The purpose of the statute is to provide a convenient and summary method of obtaining material and competent documentary evidence in the custody or under the control of an adversary.'' Davis v. District Court, 195 Iowa 688, 692, 192 N. W. 852, 854.

We cannot agree with the contention of petitioners that plaintiff's petition for production requests a roving commission for the purpose of ransacking the entire files of petitioners for the purpose of determining whether or not he

has a cause of action or for the purpose of discovering what the defense of petitioners will be.

It is quite manifest plaintiff was not merely engaged in a fishing expedition nor was he seeking access to the books and papers, as stated in Federal Trade Commission v. American Tobacco Co., 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786, cited by petitioners, in the hope "that something might turn up." Plaintiff clearly stated his grievance against the defendants in the negligence action and has definitely stated what the documents to which access is sought will reveal and he is entitled to the production of this competent, material evidence in the possession or control of his adversaries which tends to prove his allegations.

It appears that the hospital records show the orders of petitioners given in their medical treatment of the plaintiff and what was done pursuant to the orders by the hospital staff, and tend to prove acts of commission or omission by petitioners during the time the relation of physician and patient existed.

It is well settled that the fact that the documents may be evidence for petitioners will not defeat plaintiff's right to their production if they tend to prove his cause of action.

The language of Beck, J., in Schroeder v. Chicago, R. I. & P. Ry. Co., 47 Iowa 375, at page 379, is especially applicable to a case of this nature:

"Whoever is a party to an action in a court, whether a natural person or a corporation, has a right to demand therein the administration of exact justice. This right can only be secured and fully respected by obtaining the exact and full truth touching all matters in issue in the action. If truth be hidden, injustice will be done. The right of the suitor, then, to demand the whole truth is unquestioned; it is the correlative of the right to exact justice. It is true, indeed, that on account of the imperfections incident to human nature perfect truth may not always be attained, and it is well understood that exact justice cannot, because of the inability of courts to obtain truth in entire fullness, be always administered. We are often compelled to accept approximate justice as the best that courts can do in the administration of the law. But,

while the law is satisfied with approximate justice where exact justice cannot be attained, the courts should recognize no rules which stop at the first when the second is in reach. Those rules, too, which lead nearer the first, should be adopted in preference to others which end at points more remote. This doctrine lies at the foundation of the rules of evidence, though it must be confessed that the superstructure does not always fully conform thereto. Great progress, however, in a comparatively recent period has been made, by legislation and judicial decisions, in the work of conforming the system of evidence to this germinal principle.''

II. Petitioners urge the court erred in granting the inspection of the hospital records because the hospital—a corporation—is not a party to the suit, and the records were in the possession and control of the hospital. But we are satisfied the trial court was right in deciding that the charts and records pertaining to plaintiff's case were under the control of petitioners. The records show petitioners were entitled to possession of the records pertaining to plaintiff's case from the hospital upon request and that it would not release or deliver them to third parties without the consent of the petitioners. The superintendent in general charge of the hospital and its records testified that the petitioners were entitled to the records of plaintiff's case at any time they requested them and that she would want to get the petitioners' consent before permitting plaintiff or his attorneys to see or copy the records.

Actual possession of books and papers is not necessary, it is sufficient that they are under the control of the parties against whom the rule for production is sought. Section 11317, supra; National Clay Products Co. v. District Court, 214 Iowa 960, 974, 243 N. W. 727, 734; Davis v. District Court, 195 Iowa 688, 192 N. W. 852.

In National Clay Products Co. v. District Court, supra, the court states:

''The word 'control' is evidently an extension of the word 'possession,' and used to prevent the evasion which the use of the word 'possession' might permit.''

It satisfactorily appears that there is competent evidence in the control of petitioners material and necessary to plaintiff's action. The rule for discovery entered by the trial court was well within the discretion and authority conferred upon the court by section 11316 and was not in excess of its jurisdiction. The writ is annulled.—Writ annulled.

MILLER, C. J., and WENNERSTRUM, MITCHELL, GARFIELD, SAGER, OLIVER, and HALE, JJ., concur.

BLISS, J., takes no part.