## GLEN SETTEM AND ANOTHER v.
## CLEMENT ETTER, ALSO KNOWN AS CLEM ETTER.[1]

May 9, 1952.

No. 35,819.

*Arvid B. Tanner,* for relators.
*C. J. Manahan* and *Robert Sheran,* for respondent.

PER CURIAM.

Petition for certiorari to review an order denying plaintiffs' motion for summary judgment, pursuant to Rule 56, in an action to rescind a contract on the ground of fraud or, in the alternative, for damages.

The complaint alleges that defendant, while negotiating the sale of a restaurant to plaintiffs, induced plaintiffs to purchase by making certain representations as to his plans regarding the hours and manner of operation of a competing restaurant, knowing the representations to be false, but presenting them as truth in order to induce plaintiffs to rely upon them. For all practical purposes here, defendant's answer consisted of a general denial. After plaintiffs' motion for summary judgment, and pursuant to the trial court's order, defendant served an amended answer and an affidavit in opposition to the motion, which by their terms denied that any

[1]Reported in 53 N. W. (2d) 467.

misrepresentations of fact or intent were made at or prior to the time of sale. The trial court denied the motion for summary judgment, and it is that order which plaintiffs seek to have reviewed.

Plaintiffs urge that this case presents a question of great public importance, arguing that, unless some method is provided for review of an order denying a motion for summary judgment, the movant will be deprived of the "just, speedy, and inexpensive determination" which is the goal of our new rules of civil procedure. Rule 1.

An order denying a motion for summary judgment is an interlocutory or intermediate order and, as such, will not be reviewed by certiorari.[2] The grounds urged here for making an exception to the rule are not persuasive. Although it may become necessary for this court to provide special methods of reviewing certain orders pending the time that formal provision is made to conform our appellate review to practice under the new rules of civil procedure, this is not a case for such action. No provision for the review of orders denying motions for summary judgment is provided in the federal system, presumably in order to avoid piecemeal litigation.

As to the deprivation of a speedy and just determination, plaintiffs' argument cuts both ways. While a worthy litigant may be required to undergo the delay and expense of trial because no provision exists for review of such orders, on the other hand, if review were permitted, others equally worthy might be required needlessly to suffer considerable expense and delay in order to defend appeals taken from orders which properly denied such motions.

Petition for writ of certiorari denied.

---

[2]See, Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, 16 A. L. R. (2d) 1015; Asplund v. Brown, 203 Minn. 571, 282 N. W. 473. In the federal courts, it is well established that an order denying a motion for summary judgment is interlocutory and not appealable. Morgenstern Chemical Co. Inc. v. Schering Corp. (3 Cir.) 181 F. (2d) 160; Atlantic Co. v. Citizens Ice & Cold Storage Co. (5 Cir.) 178 F. (2d) 453.