Patrick BUDGE, Plaintiff and Respondent,

v.

Gerald ANDERSON and Donald Bothun,
Defendants and Appellants.

No. 8351.

Supreme Court of North Dakota.

Nov. 10, 1966.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for plaintiff and respondent.

Degnan, McElroy, Lamb & Camrud, Grand Forks, for defendants and appellants.

MURRAY, Judge.

Defendants and appellants had appealed from four orders of the District Court of Grand Forks County. These orders are as follows: (1) Order dated May 10, 1966, making provision for physical examination of plaintiff; (2) Order dated May 25, 1966, denying defendants' motion for order requiring physical examination and X-rays of plaintiff; (3) Order dated May 25, 1966, denying defendants' motion for order compelling answers to interrogatories by oral deposition and production of X-rays; and

(4) Order dated May 25, 1966, denying motion for continuance. Plaintiff and respondent has moved to dismiss appeal.

The question is: Are these orders appealable?

The statute governing the appealability of orders is Section 28-27-02, N.D.C.C., reading as follows:

The following orders when made by the court may be carried to the supreme court:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35-22-04, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

■ The first order providing for the taking of, and respecting the locale of, physical examination of plaintiff, is definitely interlocutory and preliminary in nature. See West Branch Pants Co. v. Gordon, 51 N.D. 742, 200 N.W. 908.

■ This court in a somewhat analogous situation, in Granger v. Deaconess Hospital of Grand Forks, 138 N.W.2d 443 at 453 (N.D.1965), has quoted with approval the following language from a 1963 decision of the United States Court of Appeals, 8th Circuit, in Cimijotti v. Paulsen, 323 F.2d 716, at 717:

The appeal is from an order of the District Court overruling motions to require some witnesses to answer certain questions asked of them in depositions taken by the plaintiff (here appellant) for discovery purposes under Rule 26(a), Federal Rules of Civil Procedure, 28 U.S.C.A. The defendants (here appellees) have filed a motion to dismiss the appeal for want of a final order or judgment. The motion to dismiss is granted.

Rulings on the propriety or impropriety of incidents of deposition taking under Rule 26 in a pending suit are not "final decisions" within the general right of appeal provided by 28 U.S.C.A. § 1291. Whatever practically may be their significance as a matter of discovery, they do not legally dispose of the issues of the case. Like other steps of preliminary progression, or like the incidents of a trial, they cannot be made the subject of review under § 1291, except after and in relation to the terminating order or judgment in the case. Cf. Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686; Cobbledick v. United

States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Thomas French & Sons v. International Braid Co., 1 Cir., 146 F.2d 735; Dille v. Carter Oil Co., 10 Cir., 174 F.2d 318.

These procedures, by their very advance nature, are preliminary to the trial, do not determine the action, do not involve the merits of the action, and do not affect a substantial right of a party.

■ The second order again pertains to physical examination of the plaintiff and to the taking of X-rays. This order is non-appealable for the same reasons as for the first order above. Again it is found that the chief cause for difference here is that the plaintiff was willing to go to Fargo, North Dakota, but not to St. Paul, Minnesota, for the medical procedures mentioned, namely, physical examination and X-rays.

■ The third order relating to the compelling of answers to interrogatories and production of X-rays is closer to the case of West Branch Pants Co. v. Gordon, supra, than either of the others, and again this is clearly a motion relating to pre-trial discovery procedures and is not appealable.

■ The fourth order denies a motion for continuance and places the case on the calendar for trial. A motion for continuance is not appealable. See Burdick v. Mann, 59 N.D. 611, 231 N.W. 545. It would be against all logic and reasoning to make appealable an order respecting continuance, because obviously, by the act of non-continuance, especially in a case like this where the court's order placed the case on the calendar for trial, the action of the court by this order tends to expedite trial of this action on the merits and to cause it to be decided. We cite the excel-

lent discussion on this entire subject of appealability by Neff, Appeal and Error—Decisions Reviewable—The "Reviewable Orders" Statute of North Dakota, 28 N.D.L. Rev. 186 (July 1952).

■ In his motion to dismiss, plaintiff and respondent asked this court to award him costs and reasonable attorney fees and expenses, to be assessed against and to be paid by the defendants and appellants, together with such penalty as this court deems proper, on the grounds and for the reasons that the orders appealed from clearly are not appealable, and that said appeal is frivolous and taken solely for the purpose of delaying the trial of the case and continuing the same over the term.

We have no quarrel with the authorities cited by plaintiff and respondent here. However, we do not feel the record affirmatively shows that defendants and appellants acted in bad faith or that they appealed from this order solely for the purpose of delay, which would have been frivolous. The mere fact that appellants' counsel disagrees with this court as to what orders are appealable does not mean that he is being frivolous. There is room for wide difference of opinion on these matters, and questions on the appealability of orders are repeatedly before this court. On this motion, therefore, we find that plaintiff and respondent has failed to sustain his necessary burden of proof, as to the frivolity and delaying purpose of this appeal. As stated, however, each of the orders appealed from is not an appealable order.

Appeal dismissed.

TEIGEN, C. J., and KNUDSON, ERICKSTAD and STRUTZ, JJ., concur.