NORTHWEST AIRLINES, INC., Plaintiff and Appellee,

v.

The STATE of North Dakota acting Through its BOARD OF EQUALIZATION et al., Defendants and Appellants.

Civ. No. 9229.

Supreme Court of North Dakota.

July 21, 1976.

Robert W. Wirtz (argued) and Kenneth M. Jakes, Sp. Asst. Attys. Gen., State Tax Dept., for defendants and appellants.

Pearce, Anderson, Pearce, Thames & Pearce, Bismarck, for plaintiff and appellee; argued by Patrick Durick, Bismarck.

PEDERSON, Justice.

Defendants-Appellants, hereinafter collectively called the Board, appealed from an order of the district court which required that the Board answer an interrogatory posed by Northwest Airlines in connection with an action under § 57–08–01, North Dakota Century Code, to review 1972 property tax assessments.

The interrogatories were addressed to: "Defendant North Dakota State Board of Equalization." The Board, by its lawyers, answered many of the questions but declined to answer others. Apparently accepting the propriety of answers by the Board's lawyers, Northwest Airlines moved the court for an order, pursuant to Rules 33(a) and 37(a)(2), N.D.R.Civ.P., requiring the Board to answer all questions propounded. The court declined to order the Board to answer most of the questions on the ground that they were inquiries into the mental processes of a quasi-judicial body, but required an answer to interrogatory # 25, which asked:

"Were the 1972 final assessments for Northwest, North Central and Frontier Airlines computed by use of the same method or methods?"

In its memorandum opinion the trial court stated that interrogatory # 25 " * * runs directly as to whether such decision on the part of the State Board of Equalization may or may not have been so arbitrary as to constitute fraud."

Northwest Airlines has moved, under Rule 27, N.D.R.App.P., that this court dismiss the appeal on the ground that the order requiring the Board to answer interrogatory # 25 is not appealable, citing *State ex rel. Olson v. Nelson*, 222 N.W.2d 383 (N.D.1974); *Budge v. Anderson*, 146 N.W.2d 169 (N.D.1966); *Granger v. Deaconess Hospital of Grand Forks*, 138 N.W.2d 443 (N.D.1965); and *West Branch Pants Co. v. Gordon*, 51 N.D. 742, 200 N.W. 908 (1924). The parties agree that if the order is appealable at all, it is so by virtue of the provision of subsection 5 of § 28–27–02, NDCC, which authorizes "carrying" to the supreme court "an order which involves the merits of an action or some part thereof." In *Grenz v. O'Rourke*, 235 N.W.2d 881, 884 (N.D.1975), we concluded that the words "may be carried" mean "may be appealed."

On many occasions we have discussed the meaning of the words "involves the merits of an action." See *State ex rel. Olson v. Nelson, supra*, at 386; *Shermoen v.*

*Lindsay,* 163 N.W.2d 738, 741 (N.D.1968); *Schaff v. Kennelly,* 69 N.W.2d 777 (N.D. 1955).

■ An order by a trial court is interlocutory when it is not dispositive of the action, or some part thereof, in the trial court. Generally, interlocutory orders are not appealable, except that by statute (§ 28–27–02(5), NDCC) all orders may be appealed if they involve the merits of the action.[1] The words "merits of the action" cannot be clearly defined in any technical legal sense, however, they can be regarded as referring to significant legal rights as distinguished from technicalities relating to only procedure or form.

Although fragmented appeals would encourage undue litigiousness and impede the administration of justice, an order which has the practical effect of doing an irreparable injury or violating a basic right may be appealable under Federal law and judicial construction because of its significance to, and severability from, the decision on its merits. See discussion of such matters in *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

■ Ordinarily, an order of a trial court which rules that an interrogatory must be answered, like a ruling during trial that a question must be answered by a witness, does not, of itself, constitute grounds for appeal but must be raised as an issue on a subsequent appeal from the judgment. Otherwise trials would be subject to constant interruptions and delays in order that such rulings could be carried to the Supreme Court for review. This would de-

stroy the concept of speedy administration of justice and would, in effect, abolish jury trials.

The disclosure of confidential communications, such as are protected by § 31–01–06, NDCC, under certain circumstances may be so damaging and so irreparable as to warrant the conclusion that the merits of the action are involved when determining appealability. We agree with the appellants' argument that the "mental process rule" limits inquiry of judges acting in a judicial capacity and administrative bodies acting in a quasi-judicial capacity.[2] When the trial court declined to require the Board to answer all questions but # 25, it also agreed with appellants.

The question remains: Does interrogatory # 25 invade the area protected by the mental process rule? In holding that it does not, the trial court acknowledged its significance in that the answer may disclose that the tax assessments were so arbitrary as to constitute fraud—the very essence of the action challenging the assessment. To that extent it would appear that the merits of the action were involved in the order appealed from. Although it was not briefed or argued, we are inclined to conclude that Northwest Airlines' assessment can still be valid even though it was not computed by the method used for computing the assessments of North Central and Frontier Airlines.

During oral argument it was stated by counsel for the Board, and not disputed by counsel for Northwest Airlines, that a transcript of the Board meeting at which the

---

1. See *Mackowain v. Gulf Oil Corp.,* 369 Pa. 581, 87 A.2d 314, 37 A.L.R.2d 584 (1952), particularly the A.L.R.2d Annotation starting at 618, and 4 Am.Jur.2d Appeal and Error, Section 79, at 594. The North Dakota cases of *State ex rel. Olson v. Nelson,* 222 N.W.2d 383, 386 (N.D.1974), and *Nordenstrom v. Swedberg,* 123 N.W.2d 285, 286 (N.D.1963), recognized that appeals from interlocutory orders will lie when authorized by statute. Other North Dakota cases merely declare or imply that the order does not involve the merits. See *William Clairmont v. Burlington Northern,* 229 N.W.2d 77 (N.D.1975); *Budge v. Anderson,* 146 N.W.2d 169 (N.D.1966); *Granger v. Deaconess Hospital*

of Grand Forks, 138 N.W.2d 443 (N.D.1965); and *West Branch Pants Co. v. Gordon,* 51 N.D. 742, 200 N.W. 908 (1924).

2. *Chicago, B. & Q. R. Co. v. Babcock,* 204 U.S. 585, 27 S.Ct. 326, 51 L.Ed. 636 (1907); *Great Northern R. Co. v. Weeks,* 297 U.S. 135, 56 S.Ct. 426, 80 L.Ed. 532 (1936); *Singer Sewing Machine Company v. N.L.R.B.,* 329 F.2d 200 (4th Cir. 1964). For a discussion of the mental process rule and limitations thereon, see article on Mental Process Privilege in 50 Wash.L.Rev. 739 (1975). See also, 2 Kenneth Culp Davis, Administrative Law Treatise, Ch. 11, "Institutional Decisions."

tax assessments were determined was made available to Northwest Airlines, and that the transcript shows motions made, seconded and adopted by the Board. It was further stated that one of the members of the Board is now deceased and that, as far as the lawyers for the Board are concerned, they do not know whether, in the minds of the Board members, computation of the assessments of the three airlines' properties involved the same method or methods.

This court was not provided with a copy of the transcript of the Board meeting and the record transmitted for the appeal does not contain a copy. We do not know whether findings were made by the Board. This may be significant in determining whether inquiry should be permitted. See *National Nutritional Foods Ass'n v. Food & Drug Admin.*, 491 F.2d 1141 (2d Cir. 1974).

Answers that were given to interrogatories disclose that, of the Board members who made the disputed assessments, only Tax Commissioner Dorgan continues to serve on that Board.

Considering all circumstances related above, we conclude that whatever answer to interrogatory # 25 is given by the Board's lawyers, it would not be dispositive of the action and would not involve the merits of the action. For that reason, the order is not appealable. We do not decide now whether the question invades the mental process privilege.

The appeal is dismissed. Because a public question is involved and because, under Rule 37(f), N.D.R.Civ.P., expenses are not awarded against the State except pursuant to statute, no costs are awarded on this dismissal.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.